**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.                                                      NO. 4:06cr137

DEMETRIUS A. CRANDLE,

          Defendant.


<u>**ORDER**</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on November 27, 2006, on the United States Government's Motion to Detain Defendant.  For the reasons set forth below, the Court FINDS that Defendant's detention pending trial is warranted.

At the detention hearing held on November 27, 2006, the Government was represented by AUSA Scott W. Putney.  Defendant was represented by David M. Tichanski, Esq.  Both the Government and Defendant, by counsel, proceeded by proffer of evidence and each offered argument.  The Court FINDS a presumption in favor of detention herein due to Defendant's criminal history.  <u>See</u> 18 U.S.C. § 3142(e) and (f)(1)(D).[1]

---

[1]Defendant's criminal history includes convictions for the following state felonies: rape (August 8, 1996); forcible sodomy (August 8, 1996), malicious wounding (August 8, 1996); and use of a firearm in commission of a felony (August 8, 1996).  The Court also notes that Defendant has been convicted of additional serious state crimes, including felony credit card fraud (June 15, 1995), and failure to register as a sex offender (June 30, 2003), a felony that was reduced to a misdemeanor.

The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report dated November 27, 2006, the Grand Jury Indictment of November 14, 2006, and the statutory presumption in favor of detention,[2] FINDS by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that Defendant represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the return of Defendant for further proceedings.

The Court considered the nature and seriousness of the charges faced by Defendant.  The Grand Jury has indicted Defendant on serious felony charges which could result in Defendant's incarceration, if convicted on evidence beyond a reasonable doubt at trial, for a significant period of time.  Two of the charges, obstructing a federal grand jury and felon in possession of a firearm, carry twenty (20) year and ten (10) year maximum sentences, respectively.

It would appear, based on Defendant's indictment by a Grand Jury, that the weight of the evidence against Defendant is not insubstantial.

Defendant's personal history and characteristics indicate that

---

[2]The Court notes that Defendant did offer at least some evidence to rebut the statutory presumption in favor of detention, but the presumption remains a factor to be considered by the Court in evaluating whether Defendant should be detained.  See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

he has no assets, liabilities, or income.  Defendant has provided little firm information regarding his employment history.  He has fathered four children by three different mothers and is in arrears in his child support obligations.  Defendant admits to using marijuana when it is available.

Perhaps most significantly, Defendant has been convicted of five felonies, four of which are crimes of violence, as well as numerous misdemeanors.  He has also been convicted of failure to appear (misdemeanor) and driving while license suspended (first and second offenses).  In addition, a warrant, still outstanding, was issued in the Portsmouth Circuit Court after Defendant failed to appear on November 7, 2006, on a felony charge of failure to register as a sex offender.

In view of the facts set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community and by clear and convincing evidence that Defendant represents a risk of flight.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the return of Defendant for further proceedings.

Accordingly, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v.

<u>Jackson</u>, 823 F.2d 4, 5 (2d Cir. 1987); <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. Entered on November 27, 2006

_____/s/_____
F. Bradford Stillman
United States Magistrate Judge